UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23-CR-411 |
| | § | |
| ADO DUKIC, | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Ado Dukic ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count[s] One and Two of the indictment. Count One charges Defendant with **Conspiracy to Commit Sex Trafficking**, in violation of Title 18, United States Code, Sections 1594(c), 1591(a)(1), (a)(2), (b)(1), (b)(2), and (c). Count Two charges Defendant with **Sex Trafficking of Minors**, in violation of Title 18, United States Code, Sections 1591(a)(1), (a)(2), (b)(2), and (c) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment/information, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1594, is a term of imprisonment from 0 years up to life and a fine of not more than $250,000.

The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1591, is imprisonment of not less than 10 years up to life and a fine of not more than $250,000. Additionally, under Counts One and Two, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, sections Section 3583(k). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(k). Defendant understands that the sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

### Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4. Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston,

TX 77208, Attention: Finance.

### Immigration Consequences

5.  Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Cooperation

6.  The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraph 22 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

3

7.   Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to sex trafficking of both minors and adults. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a)      Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b)      Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive his/her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)      Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)      Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)      Defendant agrees to provide to the United States all documents in his/her possession or under his/her control relating to all areas of inquiry and investigation; and

(f)      Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he/she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his/her plea.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

8.   Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction

4

and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

9.    Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

10.    In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will

5

receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

11.    Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

12.    The United States agrees to each of the following:

(a)    If Defendant pleads guilty to Counts One and Two of the indictment and and if the Court accepts this plea agreement, the United States will abandon the provision for force, fraud, or coercion found in Count 2, 18 U.S.C. 1591 (b)(1). The defendant agrees that with respect to any and all dismissed charges he/she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b)    If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding - Southern District of Texas Only

13.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment. This plea agreement binds only the United States Attorney's

6

Office for the Southern District of Texas and Defendant. It does not bind any other United States

Attorney's Office. The United States Attorney's Office for the Southern District of Texas will

bring this plea agreement and the full extent of Defendant's cooperation to the attention of other

prosecuting offices, if requested.

**United States' Non-Waiver of Appeal**

14.   The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

(a)     to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

**Sentence Determination**

15.   Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges

and agrees that the Court has authority to impose any sentence up to and including the statutory

maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be

imposed is within the sole discretion of the sentencing judge after the Court has consulted the

7

applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

16.   Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement.  Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.  Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them.  In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf.  If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify.  However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

17.   Defendant is pleading guilty because he is in fact guilty of the charges contained in Count(s) One and Two of the indictment. If this case were to proceed to trial, the United States

could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Defendant Ado **DUKIC** participated directly in the sex trafficking of Minor Victim 2 (MV2) and in the broader conspiracy to commit the sex trafficking of MV2, other minors, and an adult between November 1, 2022, and May 22, 2023.

On January 28, 2023, HPD police officers were dispatched to Bissonnet Street for a check/urgent call for service at 0044 hours. The complainant, 16 year old Minor Victim 2 (MV2), (DOB 01/29/2006) told HPD officers that MV2 was currently being trafficked for commercial sex by two Mexican pimps that go by "ATY" (Codefendant Anthony Ayala) and "YG"(remains unidentified). MV2 stated that "EZZ" (Codefendant Eric Juarez) is the guy that drives MV2 to "the blade" and drops her off every day for Codefendant Ayala.

MV2 stated that she gives all of her money earned from engaging in commercial sex to Codefendant Ayala who uses the money to buy clothes, food, and whatever MV2 needs. MV2 stated that Codefendant Ayala and the unidentified pimp are the ones who buy MV2 drugs such as bars and cocaine.

MV2 had been out on Bissonnet Street for approximately one month and normally worked from 7pm to midnight. MV2 was working with another girl, now known to be AV1 (deceased). MV2 stated that AV1's pimp Codefendant Jaden Ramos worked with MV2 before she met Codefendant Ayala. MV2 stated that Codefendant Ramos barred her out (gave her too much Xanax) because MV2 brought another guy into the house, showing disrespect to Codefendant Ramos. MV2 stated she was in a hotel with AV1 and when Codefendant Ayala came up to MV2 and explained to her the process of choosing up and MV2 stated that she was

9

down and already knew what it was because MV2 worked with Codefendant Ramos prior to meeting Codefendant Ayala.

MV2 provided the following additional information to HPD Detectives Lareau and Hubenak:

Sometime in between Christmas (2022) and New Year's Day (2023) MV2 was introduced to Codefendant Ramos by a friend, AV1, who was being trafficked by Codefendant Ramos. MV2 was recruited from Codefendant Ramos to Codefendant Ayala and began working for him.   Then Codefendant Ayala provided MV2 with a white Apple iPhone Xr (serial #DX3C2GAKKXKP/IMEI: 35 643310 885830 2) which was used to communicate with MV2 while MV2 was engaging in commercial sex as well as using it to track her location.

All of the money MV2 made was given to Ayala at the end of the night. Ayala drove MV2 or provided transportation, via his Codefendants, to and from Bissonnet and also directed her activities. Ayala had "ATY" tattooed on MV2's left breast by Juarez. MV2 stated Ayala contact information was saved in MV2's phone under the name "Daddy" along with a heart emoji. MV2 provided written consent to search her phone along with the passcode.

The investigation revealed that MV2's phone was registered to "Anthony Ayala" with the email address: anthony.ayala14@icloud.com. A contact saved as "Daddy" with a heart face emoji and a red heart emoji was saved in MV2's phone. The phone number associated with that contact is (346)479-8119.   Through law enforcement investigative means, the phone number was found to be registered to Anthony Ayala.

Additionally, MV2 showed Detective LaReau a photo of Ayala on her phone, said his name is Anthony Ayala and he is logged into this phone. Meaning the phone

10

of MV2 was linked and signed into the account "anthony.ayala14@icloud.com."

HPD served a search warrant on Apple Inc. for email address: anthony.ayala14@icloud.com. Found withing the account were videos of Ayala engaging in sexual intercourse with MV2 and a video of Ayala striking MV2 in the face.

Further, there is a 40 second video found in MV2's cellphone extraction which shows MV2 getting the "ATY" tattoo. Codefendant Leopoldo Carvajal is observed to be taking two videos and Ayala appears to be in the background of the videos. Both show MV2 being tattooed by Eric Juarez.

Instagram returns contained photographs of all the codefendants together at a location that **DUKIC** indicated was the apartment of a cousin of Codefendant Carvajal.   **DUKIC**, in addition to Codefendant Carvajal, drove MV2 and others to the blade.   Codefendant Ayala paid **DUKIC** $20-$30 each time out of the money earned by MV2 and others engaging in commercial sex. During the course of the criminal conduct, **DUKIC** occasionally carried a gun provided to him by Codefendant Carvajal or one provided by Codefendant Ayala.

Throughout the course of the criminal conduct from November 1, 2022 through May 22, 2023, **DUKIC** and his Codefendants utilized the internet, a means and facility of interstate commerce to communicate and control MV2 while causing her to engage in commercial sex while she was under the age of 18.   Codefendant Ayala collected all the proceeds from the commercial sex.   During the course of the conduct, **DUKIC** worked in concert and conspired with Codefendants, Ramos, Carvajal, Juarez, and Ayala to traffic MV2 and others.   During the course of the conduct **DUKIC** had a reasonable opportunity to observe that MV2 was under the age of 18 years old while being caused to engage in commercial sex.

11

In the text messages between Codefendant Ayala and MV2, Ayala instructs MV2 to include **DUKIC** in all future texts. Further, Ayala references Ramos in the same string of tests implying that MV2 is with Ramos and Ayala is on his way to meet them both. In another string of texts between MV2 and **DUKIC's** phone, it appears that whoever is using the phone and MV2 argue about her engaging in commercial sex with a black man who was just released from jail.

The internet is a means and facility of interstate and foreign commerce that was used by the Defendant to communicate with MV2 and his codefendants. The commercial sex acts occurred within the jurisdictional limits of the Southern District of Texas.

### Breach of Plea Agreement

18. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Monetary Penalties, Assets and Financial Disclosures

19. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be

submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

20.    Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 8 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

21.    Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. § 1593. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing.    Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional collection of restitution.

### Forfeiture

22.    As part of this plea agreement, Defendant agrees to the following:

13

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation [including but not limited to the following specific assets:];

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $_____ from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount [or, if not agreed, that the Court will determine the proper amount of a money judgment];

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

**Financial Statement**

23.  Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

24.  Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees

14

to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

### Notification of the Sex Offender Registration and Notification Act

25.    Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.   The Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status.   Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

### Complete Agreement

26.   This written plea agreement, consisting of 18 pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing

and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he is pleading guilty freely and voluntarily because he/she is guilty.

27.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Joor SDTX_, Texas, on ___Jan 16,___ , 2025.

_____
Defendant

Subscribed and sworn to before me on ___January 16___ , 2025.

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

Alamdar S. Hamdani
United States Attorney

By: _____        _____
Assistant United States Attorney              Attorney for Defendant
Southern District of Texas

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23-CR-411 |
| | § | |
| ADO DUKIC, | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

_____
Date  1/16/25

I have consulted with my attorney and fully understand all my rights with respect to the indictment/information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea

17

agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____       1-16-25
Defendant                                    _____
                                                           Date

18